UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Noah Millner,<br><br>  Plaintiff,<br>vs.<br><br>AT&T Services, Inc.,<br><br>  Defendant. | Case No. 0:24-cv-1082<br><br><br>**COMPLAINT** |

Plaintiff, for their Complaint against Defendant, states and alleges:

 1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

 2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because AT&T Services, Inc. may be found in this district. In particular, AT&T Services, Inc. is registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota residents, employs Minnesota

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant AT&T Services, Inc. insures the employee benefit plan ("Plan") AT&T Services, Inc. created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant AT&T Services, Inc. is a corporation organized and existing under the laws of the State of Texas , and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of AT&T Services, Inc. and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under the group disability policy which was issued by AT&T Services, Inc. to AT&T Services, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, AT&T Services, Inc. both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly,

AT&T Services, Inc. has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. AT&T Services, Inc.'s interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about February 7, 2017 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to AT&T Services, Inc. for disability benefits.

14. AT&T Services, Inc. granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until July 15, 2023. However, on July 16, 2023 AT&T Services, Inc. cancelled Plaintiff's disability benefits. Plaintiff appealed AT&T Services, Inc.'s decision, but AT&T Services, Inc. denied Plaintiff's appeal on February 22, 2024.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008).

15. Plaintiff provided AT&T Services, Inc. with substantial medical evidence demonstrating their eligibility for disability benefits.

16. AT&T Services, Inc.'s decision to deny disability benefits was unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. AT&T Services, Inc. failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. AT&T Services, Inc. relied on the opinion of a medical professional who was financially biased by their relationship with AT&T Services, Inc. and as such unable to offer an unbiased opinion;

   c. AT&T Services, Inc. relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. AT&T Services, Inc. relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. AT&T Services, Inc. ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. AT&T Services, Inc. ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

17. AT&T Services, Inc. abused any discretion it did have in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20. AT&T Services, Inc.'s failure to provide benefits due under the Plan constitutes a breach of the Plan.

21. AT&T Services, Inc.'s failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from July 16, 2023 to the present. Plaintiff will continue to be deprived of those benefits, and

accordingly will continue to suffer future damages in an amount to be determined.

22. AT&T Services, Inc.'s denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare they fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums they paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct AT&T Services, Inc. to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: March 27, 2024        RESPECTFULLY SUBMITTED,

By: /s/ Annie E. Surbaugh

Annie E. Surbaugh, # 0401050
Zach Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
anniep@fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiffs*